**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Guillermo Gonzalo Infante Amaya,<br>Petitioner<br>v.<br>Todd Blanche, et al.,<br>Respondents | Case No.: 2:26-cv-02623-JAD-DJA<br>**Order Granting Habeas Relief and Closing Case**<br>[ECF Nos. 15] |

Petitioner Guillermo Gonzalo Infante Amaya is a Venezuelan citizen who was taken into custody by Immigration and Customs Enforcement (ICE) officials on January 31, 2026. ICE detained him at the Nevada Southern Detention Center (NSDC) in Pahrump, Nevada. Amaya seeks a writ of habeas corpus, alleging that he did not receive an individualized custody hearing as required by the government's regulations and that his custody-redetermination hearing violated his due-process rights. The government responds that even though Amaya didn't receive an individualized custody hearing when he was detained, his later custody hearing made up for any procedural issues with his initial detention. Because Amaya raises serious concerns about the constitutionality of both of his bond hearings, I grant his petition and order his release.

## Background

Guillermo Gonzalo Infante Amaya was born in Venezuela and entered the United States in December 2019 as a nonimmigrant "visitor for pleasure" with authorization to remain here until November 20, 2025.[1] The next year he applied for asylum, but his application was denied.[2] In January 2026, a Utah state court convicted him of misdemeanor domestic violence in the

[1] ECF No. 15 at 1; ECF No. 15-2 at 3; ECF No. 17-1 at 7.

[2] ECF No. 15 at 1.

presence of a child.[3] ICE detained him after his conviction and scheduled a custody-redetermination hearing for February 17, 2026.[4] The immigration judge (IJ) denied bond, finding that Amaya was a danger to the community.[5] Despite this court's order and Amaya's request, the government did not provide the audio for this hearing.[6] In his immigration proceedings, the IJ granted withholding of removal on June 22, 2026, and an appeal to the Board of Immigration Appeals is pending.[7]

Amaya filed a habeas petition challenging the constitutionality of his detention, and I appointed counsel.[8] In his counseled amended petition, Amaya stated that the government hadn't provided his I-200 arrest warrant or his I-286 initial-custody-determination form despite the court's order and his requests.[9] He argued that, without these documents, the government failed to establish that he was lawfully detained under 8 U.S.C. § 1226(a).[10] In response, the government produced both documents, explaining that "[t]he documents were inadvertently missed by the U.S. Attorney's Office staff when received from the Federal Respondents" and that it realized its oversight on the day that its response was due.[11] The government filed the documents with its response and provided them to Amaya's counsel.[12] Despite several

---

[3] ECF No. 15 at 2; ECF No. 15-2 at 4; ECF No. 15-4.

[4] ECF No. 15 at 2; ECF No. 15-2 at 3; ECF No. 17-1 at 7.

[5] ECF No. 15 at 2.

[6] *See* ECF No. 3 at 3; ECF No. 15 at 2.

[7] ECF No. 15 at 2–3; ECF No. 15-1 (Executive Office for Immigration Review automated case information screengrab).

[8] ECF Nos. 1, 3.

[9] *See* ECF No. 3 at 3; ECF No. 15 at 3.

[10] ECF No. 15 at 3.

[11] ECF No. 17 at 1.

[12] *Id.*

extensions of time to do so, Amaya did not file a reply by the deadline. I have reviewed his habeas petition and the government's response and conclude that I do not need to wait for Amaya's reply before granting habeas relief.

Amaya's I-200 arrest warrant, served on January 31, 2026, authorized ICE to arrest him because he didn't have lawful immigration status and was therefore removable under United States immigration law.[13] An immigration officer completed Amaya's I-286 notice of custody determination on September 1, 2026, seven months after ICE detained him and nearly two weeks after he filed his initial habeas petition.[14]

## Discussion

### A. This court has jurisdiction over Amaya's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[15] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[16]

### B. The government violated Amaya's 8 U.S.C. § 1226(a) due-process rights.

The government argues that Amaya's belated initial-custody determination didn't violate his Fifth Amendment due-process protections because he received a custody-redetermination hearing one month after his detention, so any constitutional violation was cured.[17] And it says

---

[13] ECF No. 17-1 at 10.

[14] *Id.* at 6; ECF No. 1.

[15] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

[16] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[17] ECF No. 17 at 6–8.

that Amaya's custody-redetermination hearing protected Amaya's due-process rights because "he was afforded the opportunity to present evidence, call witnesses, and contest the grounds for his continued detention."[18]

***1. The government violated Amaya's due-process rights because it mandatorily detained him without an initial custody hearing.***

The parties agree that Amaya is detained under 8 U.S.C. § 1226(a).[19] That provision allows immigration officers to release a noncitizen on bond while his immigration case is under review.[20] When ICE detains a noncitizen under § 1226(a), the immigration officer makes the initial custody determination.[21] "The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.'"[22]

In *Rodriguez Vasquez v. Bostock*, the Ninth Circuit held that 8 U.S.C. § 1226(a) applies to noncitizens who are detained while "present in the United States without admission" and does not require mandatory detention.[23] Before *Rodriguez Vasquez*, the government subjected these individuals to mandatory detention and did not conduct initial bond determinations. This district certified a class of mandatorily detained individuals who did not receive procedural protections

---

[18] *Id.* at 7.

[19] ECF No. 15 at 2; ECF No. 9.

[20] 8 U.S.C. § 1226(a)(2).

[21] *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)).

[22] *Id.* (quoting 8 C.F.R. § 236.1(c)(8)).

[23] *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1184 (9th Cir. 2026).

under § 1226(a) and required the government to hold individualized bond hearings for class members.[24]

Amaya is not a part of the *Jacobo Ramirez* class because he entered the United States lawfully on a visitor visa. But like many other detainees in this district, Amaya did not receive a required individualized bond hearing when ICE detained him in January 2026. His initial-custody determination occurred retroactively, on September 1, 2026, after he spent more than seven months at NSDC. While the government now agrees that he is detained under § 1226(a), it subjected him to mandatory detention in January 2026 by arresting him without conducting an initial custody determination. So I find that the government violated Amaya's due-process rights because it failed to provide the procedural protections required under § 1226(a).

### *2. Amaya's custody-redetermination hearing was also constitutionally inadequate and did not cure the government's due-process violations.*

On February 25, 2026, an IJ conducted a "custody-redetermination" hearing, even though Amaya had no initial custody determination for the IJ to review.[25] The government didn't provide audio from the hearing, and neither party filed the IJ's order. Amaya represents that the IJ denied bond "because danger to the community,"[26] didn't cite any evidence supporting his dangerousness decision, and may have considered inaccurate information regarding Amaya's criminal history.[27] His Form I-213 lists one felony conviction and two misdemeanors from January 2026, but Amaya explains that the felony charge and one misdemeanor charge were

[24] *See Jacobo Ramirez v. Noem*, 817 F. Supp. 3d 1037, 1058–59 (D. Nev. 2025).

[25] ECF No. 15 at 2.

[26] Amaya represents that the IJ wrote nothing more than this incomplete sentence to justify denying bond.

[27] ECF No. 15 at 2.

dismissed; he filed the Utah state-court order dismissing both charges with prejudice.[28] The state-court order shows that he was convicted of only one misdemeanor on January 30, 2026,[29] but he also has a misdemeanor conviction from 2023 that he does not dispute.[30] The government doesn't respond to Amaya's representations about his criminal history and the inadequacy of the IJ's bond decision. So, without any evidence to the contrary, I take these representations as true.[31]

District courts review an IJ's custody determination for abuse of discretion.[32] Under this standard, the court cannot weigh evidence but can determine whether the immigration judge's decision reflects clear legal error or is unsupported by sufficient evidence.[33] In *Matter of Guerra*, the BIA identified nine factors that an IJ may weigh when making a custody determination.[34] These factors include whether the petitioner has a fixed address, the length of his residence in the United States, his family ties, employment history, record of court appearance, criminal record and seriousness of offenses, history of immigration violations, attempts to flee authorities, and manner of entry to the United States.[35] An IJ has broad

---

[28] ECF No. 15-2 at 3–4; ECF No. 15-4.

[29] ECF No. 15-4 at 2–3.

[30] *See* ECF No. 15-2 at 3.

[31] *United States v. Orozco*, 858 F.3d 1204, 1210 (9th Cir. 2017) (holding that unraised arguments are waived); *Carlson v. Landon*, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that unopposed habeas allegations "must be taken as true").

[32] *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024).

[33] *Id.* at 785; *Restrepo v. Noem*, 2026 WL 1047688, at *5 (C.D. Cal. Mar. 23, 2026).

[34] *Martinez*, 124 F.4th at 783 (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).

[35] *Id.*

discretion to weigh these factors, but if the decisionmaker misstates the record or fails to mention highly probative or dispositive evidence, his decision may reflect an abuse of discretion.[36]

Amaya submitted evidence with his habeas petition that shows that the IJ may have relied on inaccurate information to deny bond. Amaya also argues that the IJ did not support his bond decision with any facts or case law, so it's impossible to tell what *Guerra* factors the IJ considered. The Utah state-court order establishes that, in January 2026, he was convicted only of one misdemeanor. So Amaya's Form I-213, which the IJ usually has access to during a bond hearing, inaccurately lists one felony and three misdemeanor convictions. Amaya has no felony convictions and two misdemeanor convictions from 2023 and 2026. The government does not dispute Amaya's assertions or otherwise defend the IJ's decision because it did not respond to Amaya's argument on this issue. The government therefore tacitly consents to relief on this ground. Based on the evidence presented by Amaya, I conclude that his due-process rights were violated when the IJ relied on inaccurate representations to deny bond and failed to support his custody order.

**C. Because the government continuously violated Amaya's due-process rights by subjecting him to mandatory detention and holding a constitutionally inadequate bond hearing, the court orders his immediate release.**

Courts have "a fair amount of flexibility" in deciding habeas relief.[37] After concluding that a bond hearing violated petitioner's due-process rights, courts have either ordered a constitutionally adequate hearing or release.[38] Because Amaya didn't receive an initial custody

---

[36] *Id.*

[37] *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).

[38] *See, e.g.*, *Ramirez-Anaya v. Mattos*, 2026 WL 1362540, at *6 (D. Nev. May 15, 2026); *Zhamagortsyan v. Warden, Adelanto ICE Processing Ctr., et al.*, 2026 WL 2876062, at *8 (C.D. Cal. Sept. 24, 2026); *Gonzalez Reyes v. Rios*, 2026 WL 2190830, at *7 (C.D. Cal. July 28, 2026).

determination as required by 8 U.S.C. § 1226(a) and its implementing regulations, his custody-redetermination hearing violated his Fifth Amendment due-process rights, and he has been detained for more than nine months, I find that the appropriate remedy is his immediate release from custody.

**Conclusion**

IT IS THEREFORE ORDERED that petitioner Guillermo Gonzalo Infante Amaya's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 15] is GRANTED**. **Amaya must be released from detention within three days, subject to reasonable conditions of supervision to be imposed by Immigration and Customs Enforcement under 8 U.S.C. § 1226(a)(2). Imposition of those conditions must not impede Amaya's timely release.**

IT IS FURTHER ORDERED that respondents must file and serve on petitioner's counsel:

(1) notice of the date, time, and location of Guillermo Gonzalo Infante Amaya's release at least 24 hours before the release is set to occur, and

(2) within four days of this order, notice that Amaya's release was effectuated.

IT IS FURTHER ORDERED that **the federal respondents are enjoined from re-detaining Guillermo Gonzalo Infante Amaya absent clear-and-convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that he is a flight risk or danger to the community such that his physical custody is legally justified.**

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

**The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
Dated: November 12, 2026